**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-mc-23586-BLOOM**

In re:

THE APPLICATION OF TELF AG
FOR AN ORDER TO OBTAIN DISCOVERY
IN AID OF FOREIGN PROCEEDING
PURSUANT TO 28 U.S.C. § 1782
_____/

## ORDER ON *EX PARTE* APPLCIATION FOR DISCOVERY

**THIS CAUSE** is before the Court upon the Application of TELF AG ("the Applicant") for an Order to obtain discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782, ECF No. [1] (the "Application"). The Court has reviewed the Application and is otherwise fully advised. For the reasons that follow, the Application is granted in part and denied in part.

## I.   BACKGROUND

This matter arises from a criminal investigation by the Office of the Public Prosecutor in Bellinzona, Canton Ticino, Switzerland into a "coordinated defamation and extortion campaign against [the Applicant] and its leadership." ECF No. [1] at 1–2. The Applicant alleges that Alisher Abdullaev ("Abdullaev"), an individual residing in South Florida, runs a website and Telegram channel through which a defamatory article was posted and spread, and that the article and its reproduction "replicate[] the structure and coordinated attacks of the" initial defamation and extortion campaign. *Id*. However, notwithstanding Abdullaev's alleged "knowledge regarding the operation of the infrastructure through which the defamatory content was disseminated" during the initial campaign, Abdullaev resides in Florida and is therefore beyond the reach of Swiss authorities. *Id*. at 2. As a result, the Applicant seeks leave to depose Abdullaev and obtain

documents from him in aid of the Swiss criminal investigation.[1] *Id*.  This Application was filed *ex parte*; as such, there is no opposition by Abdullaev or any other interested party to the Swiss proceedings. *See generally* ECF No. [1].

## II.    DISCUSSION

As a preliminary matter, the Court is not concerned that the Application was filed *ex parte*. Courts within this district routinely find *ex parte* applications for discovery under 28 U.S.C. § 1782 proper. *See In re Application of Alves Braga*, 789 F. Supp. 1294, 1303 (S.D. Fla. 2011) ("There is nothing inappropriate about an *ex parte* application under [28 U.S.C. § 1782]"); *In re Alianza Fiduciaria S.A.*, No. 13–81002–MC, 2013 WL 6225179, at *2 (S.D. Fla. Oct. 24, 2013) (concluding that ruling on the *ex parte* application for discovery was appropriate) (citing *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007); *In re Pinchuk*, No. 13–22857, No. 13–22857–MC, 2013 WL 5574342 (S.D. Fla. Sept. 20, 2013)). Therefore, the Court will proceed to the merits.

"Beginning in 1948, 'Congress substantially broadened the scope of assistance federal courts could provide for foreign proceeding'" by enacting 28 U.S.C. § 1782. *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247–48 (2004)). Under § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal," and such "order may be made…upon the application of any interested person." While "Congress has given the district courts [ ] broad discretion in granting judicial assistance to foreign countries" under § 1782, the

---

[1] The Applicant is not a government body. However, the Applicant is participating in the Swiss investigation as a "private prosecutor"—defined as an injured party that joins the proceedings as a formal party both in the criminal phase and the civil phase—and is therefore entitled to present documents, statements, and other evidence in support of its claims in the Swiss investigation and any future proceeding before Swiss courts. ECF No. [1] ¶¶ 14, 15.

following four statutory requirements must be satisfied before a district court may grant a request for judicial assistance:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d at 1331 (quoting 28 U.S.C. § 1782(a)).

Here, all four of the § 1782 statutory requirements have been satisfied. The Applicant is certainly an "interested person" to the Swiss investigation, as the Applicant is a Swiss-defined private prosecutor and, in addition, the Applicant is the allegedly injured party seeking to redress its injuries from defamation and extortion. *See In re: Application of Bracha Foundation*, 663 F. App'x 755, 762 (11th Cir. 2016). (explaining "[t]he text of § 1782(a) . . . plainly reaches beyond the universe of persons designated 'litigant,'" and that a person who played a significant role in the proceeding and retained significant procedural rights possessed a reasonable interest in obtaining judicial assistance) (quoting *Intel*, 542 U.S. at 256). Indeed, the Applicant explains that it "has both participation rights and an interest in the outcome of the Swiss [i]nvestigation." ECF No. [1] at 10.

The Application also satisfies the second and third requirements, as the Applicant seeks to obtain testimony and the production of documents and records relevant to the publication and dissemination of an allegedly defamatory article in order to assist in the criminal investigation currently proceeding in Switzerland. *See In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1302 (S.D. Fla. 2012) (concluding the second factor was satisfied where the applicant sought evidence "in the form of document production and deposition testimony.")

Nothing in § 1782 "requires that proceeding be adjudicative in nature." *In re Clerici*, 481 F.3d at 1333.

Finally, the fourth statutory requirement is satisfied, as Abdullaev resides within this District. The Applicant asserts that Abdullaev resides in Aventura, Florida. ECF No. [1] at 12–13; *see Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("the application seeks discovery from JAS USA, which has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."). Accordingly, because all four statutory requirements have been satisfied, the Court has the authority to grant the Applicant's request for assistance. *See In re: Application of Bracha Foundation*, 663 F. App'x at 757.

"Even so, 'a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.'" *In re Clerici*, 481 F.3d at 1334 (quoting *Intel Corp.*, 542 U.S. at 264). In deciding whether assistance is appropriate, the United States Supreme Court in *Intel* provided four factors a district court should consider when reviewing a § 1782 application. Those factors are as follows: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' (2) 'the character of the proceedings underway abroad,' (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies,' and (4) whether the request is 'unduly burdensome and intrusive.'" *In re Application of Alves Braga*, 789 F. Supp. 1294, 1304 (S.D. Fla. 2011) (quoting *Intel Corp.*, 542 U.S. at 264-65).

Regarding the first *Intel* factor, the Applicant represents that Abdullaev is not a party to, or otherwise a participant in, the Swiss investigation. ECF No. [1] at 13. Moreover, because he is

located in Florida, Abdullaev is beyond the jurisdiction of Swiss authorities regardless. *Id*. Because Abdullaev is not a participant in the Swiss investigation and is not located in Switzerland, the Court finds the first *Intel* factor counsels in favor of granting the Application. *See In re Clerici*, 481 F.3d at 1334; *see also In re: Application of Bracha Foundation*, 663 F. App'x at 764 (affirming district court's finding that the first *Intel* factor favored granting the § 1782 application "because the entity from whom discovery [was] sought, Regions Bank, was not a participant in the foreign proceeding").

"Under the second *Intel* factor, the Court considers 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance.'" *In re Pons*, 614 F. Supp. 3d 1134, 1150 (S.D. Fla. 2020) (citation omitted). "In examining the second *Intel* factor, the court looks at whether authoritative proof exists that a foreign court would reject evidence obtained with the aid of § 1782." *In re Rendon*, Case No. 1:20-mc-21152, 2020 WL 8771274, at *5 (S.D. Fla. Nov. 5, 2020). The Applicant argues that "Swiss authorities would be receptive to evidence obtained through judicial assistance from this Court." ECF No. [1] at 14. Specifically, it contends that "the consistent entry of orders granting Section 1782 applications in aid of Swiss criminal proceedings reflects that Swiss tribunals are receptive to evidence obtained through U.S. judicial assistance." *Id.* (collecting cases). Since there no evidence indicating the Swiss investigation would not be receptive to assistance from this Court, the second *Intel* factor favors granting the Application. *See In re Rendon*, 2020 WL 8771274, at *5 ("As there is no evidence that the SIC or Colombian courts would not be receptive, then 'a district court's ruling should be informed by Section 1782's overarching interest in providing equitable and efficacious procedure for the

benefit of tribunals and litigants . . ..'") (quoting *In re Jagodzinski*, Case No. 18-20606, 2019 WL 1112389 at * (S.D. Fla. Ja. 15, 2019) (additional level of quotation and citations omitted).

There is also no indication that the Applicant is seeking to circumvent foreign proof-gathering restrictions or other policies of Switzerland. Instead, the Applicant contends its request will "better inform [the Swiss] proceeding and support [the Applicant's] claims as an interested party." ECF No. [1] at 15. Based on the Applicant's representations, the third *Intel* factor is satisfied. *See In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1305 (S.D. Fla. 2012) ("Absent a persuasive showing that a section 1782 applicant like Mesa Power is actively seeking to circumvent the foreign tribunal's discovery methods and restricts, . . . this [third] [*Intel*] factor does not counsel against section 1782 relief.").

The fourth and final *Intel* factor is satisfied as well. The discovery request is narrowly tailored, as the request is limited to "specific categories of information based on [] Abdullaev's connection to the [i]nitial [defamation and extortion c]ampaign and aim[s] to obtain evidence within his knowledge as it relates to the claims in the Swiss [i]nvestigation." ECF No. [1] at 15; s*ee In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d at 1306 ("[N]o undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."); *In re Application of FG Wilson (Engineering) Limited for Ex Part Order to Obtain Discovery for Use in Foreign Proceedings*, 10-20839 (S.D. Fla. Mar. 2013) (ECF No. [5]). While Abdullaev may later challenge the scope of the subpoenas or the burden the subpoenas may pose, the Court is satisfied at this juncture that the Applicant's request is appropriate. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1269 ("The Supreme Court in *Intel* added that 'unduly intrusive or burdensome requests may be rejected or trimmed.'"). Consequently, the Court finds that the fourth factor weighs in favor of granting the request. Seeing

as all four *Intel* factors weigh in favor of granting the Application for judicial assistance, the Applicant's request is granted as to Abdullaev.[2]

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. The Application, **ECF No. [1]**, is **GRANTED IN PART** and **DENIED IN PART**.

2. The Applicant is authorized to issue and serve subpoenas on Abdullaev for the production of documents related to the criminal investigation pending with the Office of the Public Prosecutor in Bellinzona, Canton Ticino, Switzerland and for the taking of an oral deposition in this District, consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

3. The Applicant shall seek leave on the Court to serve additional subpoenas on persons, entities, or financial institutions not included in the Application but residing in the Southern District of Florida as may be necessary to obtain testimonial and documentary evidence relevant to the foreign proceedings.

4. Abdullaev shall comply with the subpoenas, produce the requested documents, and appear for deposition in Miami, Florida in conformity with the Rules. The entry of this Order does not foreclose Abdullaev from seeking relief under Rule 26 and Rule 45, if appropriate.

5. Until further Order of this Court, Abdullaev shall preserve documents, electronic or otherwise, and evidence in his possession, custody or control that contain information

---

[2] Though the Court grants the Application as to Abdullaev, the Court does not find it appropriate at this juncture to grant the Application as to "any person, entity or financial institution who resides or can be found in the Southern District of Florida." ECF No. [1-5] ¶ 3.

potentially relevant to the subject matter of the foreign proceeding at issue in the Application.

6. A copy of this Order shall be served with each discovery demand.

7. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order.

8. The Clerk is directed to **CLOSE** this case.

9. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, and all pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 21, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

8